**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FLORIDA DEFENDERS OF THE ENVIRONMENT, a Florida not-for-profit Corporation, BRUCE KASTER, and JOSEPH LITTLE

Plaintiffs,

v.

UNITED STATES FOREST SERVICE,

Federal Defendant.

Case No. 3:17-cv-01128-HES-JBT

**FEDERAL DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND OR ALTER THE JUDGMENT**

## INTRODUCTION

Plaintiffs bring the instant motion challenging the Court's Order on Federal Defendant's Motion to Dismiss without any new information and without a showing that the Order is incorrect. This Motion represents a late attempt to put forth arguments that Plaintiffs should have raised in briefing on the Motion to Dismiss. A Motion to Amend or Alter the Judgment is not the proper vehicle for such a re-litigation of the issues presented in this action.

## STANDARD OF REVIEW

There are "three major grounds justifying reconsideration [of a Court's ruling]: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). Here, Plaintiffs request that the Court reconsider under Federal Rule of Civil Procedure 59(e) its Order granting Federal Defendant's

Motion to Dismiss. Pls.' Rule 59€ Mot. to Am. or Alter the J. & Mem. in Supp. at 8, ECF No. 38. However, that rule "may not be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of the judgment." *Sherrod v. Palm Beach Cty. Sch. Dist.*, 237 F. App'x 423, 425 (11th Cir. 2007) (per curiam) (internal quotation marks and citation omitted). The movant for reconsideration or to amend the judgment generally needs to demonstrate "why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (internal quotation marks and citation omitted). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman*, 153 F.R.D. at 694.

## ARGUMENT

### I. The Court's Order is not in clear error and will not result in manifest injustice.

As Plaintiffs have not alleged that an intervening change in law or evidence exists, reconsideration only could be proper under the above standard if the Court committed clear error in, or manifest injustice would result from, granting Federal Defendant's Motion to Dismiss. Not so.

1. The Court properly found that Plaintiffs' claims were not cognizable because there was no meaningful standard against which to judge the Forest Service's enforcement decision.

Plaintiffs contend that duties imposed by law upon the Forest Service render their claims reviewable by this Court, but these duties are too general to be applicable, and even if they were,

the instant motion is not the appropriate juncture at which to raise them for the first time. ECF No. 38 at 9-10.

The Court determined that not even a meaningful standard existed to guide its judgment of the Forest Service's enforcement decision in this case. Sept. 30, 2019 Order at 12-16, ECF No. 37. The Court so determined having analyzed all authorities cited in Plaintiffs' Complaint on this point and after acknowledging that, in briefing on the Motion to Dismiss, Plaintiffs "[did] not address" whether there were enforcement requirements or guidelines for the Forest Service to follow. *Id.* at 12. Plaintiffs failed to brief this issue even though Federal Defendant addressed it in the Motion to Dismiss brief. Def.'s Mot. to Dismiss & Mem. of Law at 8, ECF No. 25 ("Plaintiffs point to no statutory enforcement guidelines to overcome the presumption that agency enforcement is committed to agency discretion."). In fact, Plaintiffs cite to the statutes they contend serve as these guidelines or requirements—16 U.S.C. § 551 and 16 U.S.C. § 497—for the first time in the instant motion and memorandum. ECF No. 38 at 9-10. Plaintiffs cannot now raise these arguments when they could have, but declined to, in the briefing on the Motion to Dismiss. *Sherrod*, 237 F. App'x at 425 (holding that Fed. R. Civ. P. 59(e) "may not be used to . . . raise argument ore present evidence that could have been raised prior to the entry of judgment") (citations omitted)).

Even if Plaintiffs had properly raised their arguments under 16 U.S.C. § 551 and 16 U.S.C. § 497, these statutes do not impose a duty on the Forest Service to take the enforcement action Plaintiffs seek. Section 551 "reveals a clear intent of Congress to commit regulation of the national forests to the discretion of the Secretary [of Agriculture]." *Mountain States Tel. & Tel. Co. v. United States*, 204 Ct. Cl. 521, 526 (1974). Further, Section 551 is the "basic statute relating to regulation of the national forests." *Id.* Thus, Section 551 conveys authority and broad

discretion to the Secretary of Agriculture to regulate the National Forests rather than force her or him to take any particular course of regulatory action. The statute is a broad policy statement that provides no meaningful standard that the Court could construe as an enforcement guideline in this case. Likewise, Section 497 "gives the Secretary of Agriculture *general* power to grant or deny a special use permit for use of national forest land . . . ." *Ness Investment Corp. v. U.S. Dep't of Agric.*, 512 F.2d 706, 715 (9th Cir. 1975) (emphasis added). In fact, the Ninth Circuit in *Ness Investment Corporation* held that the Forest Service's denial of a special use permit was a decision committed to agency discretion because Section 497 is "drawn in such broad terms that there is no law to apply." *Id.*; *KOLA, Inc. v. United States*, 882 F.2d 361, 362 n.1, 363-64 (9th Cir. 1989) (citing Sections 551 and 497 as the source of the Forest Service's authority for issuing special use permits, but finding that only more specific regulations promulgated by the Forest Service could serve as law to apply to the Forest Service's decision to deny a special use permit, making this denial reviewable). Sections 551 and 497 provide no meaningful standards for judicial review in this matter.

2. <u>The Court's interpretation of the Administrative Procedure Act as preventing judicial review of actions committed to agency discretion is correct.</u>

Plaintiffs contend that "[n]o part of the [Administrative Procedure Act] specifically disallows judicial review of an agency's inaction," ECF No. 38 at 11, but Plaintiffs disregard the Administrative Procedure Act's ("APA") explicit prohibition of judicial review of "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2). This prohibition is well established in controlling case law, as this Court acknowledged in its Order. ECF No. 37 at 7 n.8 ("Nevertheless judicial review is unavailable 'to the extent that . . . agency action is committed to agency discretion by law' is a 'limitation to the general grant of jurisdiction contained in 28 U.S.C. § 1331.'" (alteration in original) (quoting *Interstate Commerce Comm'n*

*v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 282 (1987))); *Id.* at 7 ("An agency may rebut the presumption [of judicial review] only if . . . relevant here, the agency action is committed to agency discretion by law." (internal quotation marks omitted) (quoting *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S.Ct. 361, 370 (2018))).

Further, Plaintiffs in the instant motion attack the Court's legal determination that the APA can ever disallow judicial review for agency inaction, but both Federal Defendant and the Court cited and discussed a key case where the APA was found to do just that: *Norton v. S. Utah Wilderness All. ("SUWA")*, 542 U.S. 55, 64 (2004) (citation omitted). ECF No. 25 at 9-11; ECF No. 37 at 8 n.9. In *SUWA*, the Court held that "a [failure to act] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *SUWA*, 542 U.S. at 64. Despite a robust discussion of this case, its progeny, and the ways in which Plaintiffs' claims fail to meet its standard in the Motion to Dismiss brief, Plaintiffs' response brief for the Motion to Dismiss failed to address the *SUWA* standard at all. A Motion to Amend the Judgment is not the proper vehicle for Plaintiffs to raise counter arguments for the first time. *Sherrod*, 237 F. App'x at 425. Even if it was, Plaintiffs' failure to act claim fails to meet the *SUWA* standard, as discussed in Federal Defendant's Motion to Dismiss brief and suggested in the Court's Order. ECF No. 25 at 9-11; ECF No. 37 at 8 n.9, 12-16. The Court's finding that agency inaction committed to agency discretion is unreviewable under the APA is unassailable and certainly not clear error.

3. The Court properly declined to strike the Amended Administrative Record.

Plaintiffs claim that the Court inappropriately considered Federal Defendant's Amended Administrative Record, ECF No. 38 at 12-14, but the Court was allowed to consider material outside of the Complaint for a motion brought under Federal Rule of Civil Procedure 12(b)(1).

*See* ECF No. 37 at 7 (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam)). As Federal Defendant's Motion to Dismiss was brought in part under Federal Rule of Civil Procedure 12(b)(1), and the Court dismissed Plaintiffs' case under 12(b)(1), Plaintiffs' citation of Rule 12(d)—"if, on a motion under Rule 12(b)(6) or 12(c)"—is inapposite. ECF No. 38 at 13 (citing Fed. R. Civ. P. 12(d)). Furthermore, even though it could have, the Court did not rely on the Amended Administrative Record in its Order.

Relatedly, the Court properly denied Plaintiffs' Motion to Strike the Amended Administrative Record. Plaintiffs contend that their Motion to Strike "was denied without explanation," but, in fact, the Court incorporated into its Order the thorough reasoning of Federal Defendant's response brief to the Motion to Dismiss. *Id.*; ECF No. 37 at 16. Moreover, Plaintiffs use the instant motion merely to reiterate arguments from their Motion to Strike brief, ECF No. 28, which is improper in a Motion for Reconsideration or Motion to Amend the Judgment. *Sherrod*, 237 F. App'x at 425. Even if Plaintiffs were able to show that the Court committed clear error by declining to Strike the Amended Administrative Record, the Court did not rely on the Amended Administrative Record in determining that it lacked jurisdiction to review Plaintiffs' claims.

## II. Plaintiffs violated the Local Rules by failing to confer on this motion.

Plaintiffs neglected even to notify counsel for Federal Defendant that they would be moving for reconsideration or to amend or alter the judgment. Counsel for Federal Defendant received no such email or phone call. Such a failure to apprise Federal Defendant plainly violates Local Rule 3.01(g)'s duty to confer. "For this reason alone, the motion could be denied." *Kidwell v. Cty. Sch. Bd.*, Case No. 2:07-cv-13-FtM-34SPC, 2007 WL 9718741, at *3

n.5 (M.D. Fla. Nov. 30, 2007) (denying the plaintiff's motion to reconsider under Fed. R. Civ. P. 59(e) where plaintiff failed to confer with counsel for defendants).

**CONCLUSION**

Based on the foregoing, the Court should deny Plaintiffs' Motion to Amend or Alter the Judgment because the Court's Order is sound and not in clear error and because Plaintiffs failed to confer with Federal Defendant on the instant motion.

Respectfully submitted this 5th day of November, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

*/s/ Hayley A. Carpenter*
HAYLEY A. CARPENTER
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0242
Fax: (202) 305-0506
hayley.carpenter@usdoj.gov

*Attorneys for Federal Defendant*